**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4016**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS RONALD AVANT,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge. (CR-04-153; CR-04-213; CR-04-214; CR-04-215; CR-04-216; CR-04-217)

---

Submitted:  July 20, 2005          Decided:  August 11, 2005

---

Before WILKINSON, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Louis Carr Allen, III, Federal Public Defender, Greensboro, North Carolina, for Appellant. Paul Alexander Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Ronald Avant appeals from the judgment of the district court sentencing him to 151 months' imprisonment for his role in a series of bank robberies and attempted bank robberies. Avant does not challenge his conviction, which we accordingly affirm. Finding that the district court's pronouncement of a lower alternative sentence demonstrates that Avant's substantial rights were abridged by the sentence actually imposed, we grant the motion to remand, vacate the sentence, and remand for resentencing consistent with United States v. Booker, 125 S. Ct. 738 (2005).

Avant pled guilty to five counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). At sentencing, the district court pronounced a sentence of 151 months in accordance with the United States Sentencing Guidelines. The district court also announced an alternative sentence of nine years (108 months) based on recent developments calling into question the application of mandatory sentencing guidelines schemes. See Blakely v. Washington, 124 S. Ct. 2531 (2004).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court ruled the Sixth Amendment is violated when a district court, acting pursuant to the Sentencing Reform Act and the guidelines, imposes a sentence greater than the maximum guideline sentence authorized by the facts found by the jury alone. See id.

- 2 -

at 746, 750.  This court concluded that such a violation amounts to plain error.  See United States v. Hughes, 401 F.3d 540, 547-48 (4th Cir. 2005).  To demonstrate plain error, a defendant must establish the error occurred, that it was plain, and that it affected his substantial rights.  Id.  In United States v. White, 405 F.3d 208 (4th Cir. 2005), we held that a defendant can demonstrate the prejudice associated with a mandatory application of the guidelines on the basis of statements by the sentencing court that it would otherwise have departed from the guidelines. See id. at 223-24.  Here, the district court's pronouncement of an alternative, lower sentence satisfies this burden.[*]

Accordingly, we vacate Avant's sentence and remand for resentencing.  Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  See Hughes, 401 F.3d at 546.  The court should consider this sentencing range along with the other factors

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Avant's sentencing.  See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal).

- 3 -

described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id.</u>  If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id.</u> at 546-47.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>
